## HOLIDAY HOSPITALITY FRANCHISING, INC., Appellant–Defendant,

### v.

## AMCO INSURANCE COMPANY, Appellee–Plaintiff.

Holiday Inn Express of New Castle, LLC, Anil Megha, S.H., Individually and as Parent and Next Friend of R.M.H., a minor child, and Michael V. Forshey, Interested Parties–Defendants.

### No. 33A01–1103–CT–104.

#### Court of Appeals of Indiana.

#### Jan. 18, 2012.

Robert B. Clemens, Curtis T. Jones, Bose McKinney & Evans LLP, Indianapolis, IN, Attorneys for Appellant Holiday Hospitality Franchising, Inc.

Danford R. Due, Scott E. Andres, Due Doyle Fanning, LLP, Indianapolis, IN, Attorneys for Appellee.

Freedom Villa Miller, Smith Fisher Maas & Howard, P.C., Indianapolis, IN, Attorney for Interested Parties Holiday Inn Express of New Castle, LLC and Anil Megha.

Mark D. Gerth, Kightlinger & Gray, LLP, Indianapolis, IN, Attorney for Interested Party S.H. Individually and as Parent And Next Friend of R.M.H., A Minor Child.

### OPINION

ROBB, Chief Judge.

Holiday Hospitality Franchising, Inc. ("Holiday Hospitality"), Holiday Inn Express of New Castle ("Holiday Inn"), Anil Megha, and S.H., individually and as parent and next friend of R.M.H., (collectively, the "Petitioners") have petitioned for rehearing of this court's decision in *Holiday Hospitality Franchising, Inc. v. Amco Ins. Co.*, 955 N.E.2d 827 (Ind.Ct.App.2011), in which we reversed the trial court's grant of Amco Insurance Company's ("AMCO") motion for summary judgment as against Holiday Hospitality. We grant the petition for rehearing to clarify the disposition of our opinion.

In our opinion we noted that the reversal of summary judgment only applied as

against Holiday Hospitality, not the other defendants in the trial court action, because Holiday Hospitality is the only party that appealed. *Id.* at 831 n. 2. The Petitioners argue our reversal of summary judgment should apply to Holiday Inn and Megha as well, relying on Appellate Rule 17(A), which provides "[a] party of record in the trial court ... shall be a party on appeal." They argue *McKinney v. Public Service Co. of Indiana, Inc.,* 597 N.E.2d 1001 (Ind.Ct.App.1992), *trans. denied,* "squarely addressed" in their favor the issue they raise in their petition. We agree with the Petitioners that, contrary to the footnote in our opinion, all parties to the trial court proceeding below are parties on appeal. However, this does not necessitate that the procedural disposition of our opinion, the reversal of summary judgment as to Holiday Hospitality, apply to any party other than Holiday Hospitality. Appellate Rule 9(A) mandates that a party file a notice of appeal within thirty days after final judgment and provides that the right to appeal is forfeited unless the notice of appeal is timely filed. Here, the trial court's grant of summary judgment for AMCO against all parties and on all issues constituted final judgment. Thus, while all parties below may be parties to the appeal, the reversal of summary judgment only applies to Holiday Hospitality. The other Petitioners forfeited the right to appeal the trial court's grant of summary judgment against them.

Accordingly, we reverse the trial court's grant of summary judgment as to Holiday Hospitality alone and remand for further proceedings.

BARNES, J., and BRADFORD, J., concur.